UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

     Petitioner,                     Case No. 2:21-CV-11116

v.                           UNITED STATES DISTRICT COURT
                            JUDGE GERSHWIN A. DRAIN

HEIDI WASHINGTON,

     Respondent,

_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

### I. INTRODUCTION

Derrick Lee Smith, ("Petitioner"), confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court.

The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted of two counts of third-degree criminal sexual conduct in the Wayne County Circuit Court in 1998, *Offender Tracking Information System – Offender Profile*, MDOC, https://mdocweb.state.mi.us/OTIS2/otis2profile.

1

aspx?mdocNumber=267009 (last visited June 9, 2021).   Petitioner was later convicted in the Wayne County Circuit Court in 2008 of six counts of first-degree criminal sexual conduct and two counts of kidnapping.  *Id.*  In 2019, petitioner was convicted of four counts of first-degree criminal sexual conduct.  *Id.*

Accordingly, the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3).  The Court will thus order this case to be transferred to the Court of Appeals so that Petitioner may obtain the requisite permission to file a successive petition for writ of habeas corpus.

## II. BACKGROUND

Upon review of Petitioner's present filing, it is unclear which convictions he is challenging in the instant petition.  Petitioner has been denied habeas relief on his 1998 convictions on the merits on August 28, 2007, *Smith v. White*, 2:06-cv-306 (W.D. Mich. Aug. 28, 2007), report and recommendation adopted; on the 2008 convictions on the merits, *Smith v. Bauman*, 5:10-cv-11052, 2016 WL 898541 (E.D. Mich. Mar. 9, 2016) (E.D. Mich. Mar. 9, 2016); *appeal dismissed*, No. 16-1545 (6th Cir. Jan. 31, 2017); and on the merits on his 2019 convictions, *Smith v. Burt,* No. 1:19-cv-759, 2020 WL 1910025 (W.D. Mich. Apr. 20, 2020); *appeal dismissed*, No. 20-1457, 2020 WL 6738108 (6th Cir. Oct. 16, 2020).

## III. LAW & ANALYSIS

2

Petitioner already filed prior petitions for a writ of habeas corpus challenging his three judgments of sentence and incarceration.  Petitioner has previously been denied habeas relief on all of his convictions.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals.  *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The current petition is a successive habeas petition which requires authorization from the Sixth Circuit; he thus cannot proceed with the issues raised

in his present petition without first acquiring permission to file a second or successive petition from the Court of Appeals.  Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.  *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## IV. Order

For the reasons articulated, **IT IS HEREBY ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

Dated:        June 16, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Derrick Lee Smith, No. 267009,
Muskegon Correctional Facility, 2400 South Sheridan,
Muskegon, Michigan 49442 on
June 16, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk